[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION
In its Memorandum of Decision dated April 5, 2002, and filed April 8, 2002, the court ordered the following at the bottom of page 6 and continuing to page 7:
 "The defendant shall conditionally assign to the plaintiff at least $100,000 of his IRA account naming the plaintiff as irrevocable beneficiary, such assignment conditioned to be paid only upon the defendant's death. In the event of the plaintiff's death before the defendant, said conditional assignment shall have no further force or effect. The assignment shall take effect only in the event of the defendant's death prior to the plaintiff's death or her remarriage. In the event of the plaintiff's remarriage prior to the defendant's death, the conditional assignment shall have no further effect."
The defendant was ordered to notify Fidelity Management Trust Company, which he did. Subsequently, the defendant, in an effort to comply with the court's order, designated 40 percent of his IRA accounts to the plaintiff and 60 percent to his live-in companion. (See plaintiff's exhibit A in the hearing held on June 25, 2002.)
On April 25, 2002, Attorney Shaughnessey responded to the defendant and claimed that the defendant's notice of April 25 did not satisfy the court's order (see plaintiff's exhibit B in the hearing held on June 25, 2002). The defendant endeavored to resolve this matter by letter dated May 1, 2002, addressed to Fidelity (see plaintiff's exhibit C of the hearing held on June 25). This was the subject of interoffice communications with the legal department on June 12 and June 14. (See clipped pages of exhibit C of the hearing held on August 20, 2002.)
Fidelity Investments is unable to provide a customized solution to CT Page 11846 comply with the court's order under the defendant's traditional IRA plan and his rollover IRA. The suggested alternative solution was a cash reserve account, a stable value account or a variable annuity. These solutions might be customized to fit this situation and to guarantee $100,000 to the plaintiff in the event of the defendant's death. Such suggested solutions would permit little appreciation in value in the principal, would permit less interest or dividend income from the principal and would require the defendant to withdraw $100,000 from his present retirement plan to establish an account to guarantee such sum to the plaintiff in the event of the defendant's death.
During the period January 11, 2002, to July 31, 2002, defendant's IRA's have declined in value from $270,600 to $221,600. Even at this value with the defendant's current plan, the defendant would receive $88,640.
In the defendant's Motion for Modification dated December 3, 2001, he requests the following relief: "forgive future life insurance policy." In addition, the defendant in his claims for relief, last page, states: "I respectfully submit to the court that I should not make any subsequent alimony payments, contribute to a life insurance policy, and that all arrearage alimony payments since October, 2001, be forgiven." (Emphasis supplied.)
It should be noted that the Agreement executed by the parties and dated January 19, 1999, provided in Article V, page 5, paragraph 5.3, as follows: "The parties agree that life insurance which the husband is obligated to provide hereunder is an element of support and maintenance and may be modified by the court accordingly." This Agreement was approved by the court at the time of the judgment of dissolution and incorporated in the judgment.
The alternative solutions proposed by the plaintiff are an unsatisfactory solution. The court has previously found a substantial change in the defendant's financial circumstances by reason of his unemployment. The court grants the defendant's Motion for Modification by ordering what is presently in effect that the defendant maintain the plaintiff as a beneficiary of 40 percent of his IRA accounts presently at Fidelity Management Trust Company. There are to be no withdrawals from these accounts or account except for an amount of $1,600 per month. This order may be modified upon a showing of a change in the defendant's circumstances. The defendant shall instruct Fidelity Management Trust Company to advise the plaintiff on January 1st of each year that she continues to be named as a beneficiary of 40 percent of the defendant's IRA accounts and the value of his IRA accounts at that time. CT Page 11847
 ___________________ EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
CT Page 11848